**STATE of Vermont v. Robert B. DIMICK.**

[790 A.2d 435]

No. 01-152

December 26, 2001. The Caledonia District Court granted defendant's motion to exclude evidence in a civil suspension hearing for operating a vehicle under the influence of intoxicating liquor on the grounds that the arresting officer violated Vermont State Police Rules & Regulations, Operational Policies & Procedures, when he failed to make a videotape of the roadside stop. The State appeals that decision arguing that defendant had no constitutional nor statutory right to have the roadside stop, and ensuing sobriety tests, videotaped by the arresting officer. We agree and reverse.

The uncontested facts in the case are as follows. On February 23, 2001, at approximately 11 p.m., a state police officer witnessed defendant fail to stop at a stop sign, in violation of 23 V.S.A. § 1048. The officer activated his blue lights and pulled defendant to the side of the road. After observing several signs that defendant had been drinking, including limited dexterity when handing the officer his license and registration, mumbling, bloodshot, watery eyes and the smell of intoxicating liquor, the officer asked defendant to complete a series of field sobriety tests which defendant failed. Defendant was arrested and taken to the station for DUI processing. A breath test revealed a blood alcohol concentration of .118. The officer's cruiser was equipped with a mobile video recording (MVR) unit but, because the unit was broken, the officer did not videotape the incident.

Defendant was arraigned on, and pled not guilty to, driving under the influence in violation of 23 V.S.A. § 1201(a)(1). Prior to a March 23, 2001 civil suspension hearing, defendant filed a motion to exclude all evidence derived from the stop of defendant's vehicle, asserting that the officer's failure to videotape the roadside stop and tests violated defendant's due process rights and breached a statutory duty to "preserve and produce" a recording that might provide exculpatory evidence.

At the hearing, defendant abandoned his constitutional argument.[1] Relying instead on Vermont State Police Rules & Regulations, Operational Policies & Procedures, defendant claimed the polices and procedures create a legal obligation for officers to videotape roadside stops and the ensuing tests. Defendant argued that the officer's failure to keep the MVR equipment in working order, and subsequent use of the cruiser despite the knowledge that the MVR equipment was not working, amount to negligence. The trial court granted defendant's motion to exclude evidence, concluding that Vermont State Police Rules & Regulations, Operational Policies & Procedures § 5, Article 10, 3.1 and 4.1 create a duty for officers to videotape stops.

We disagree. The error in the court's analysis is that it assumes the regulations at issue are either explicitly or implicitly premised on a statutory duty to videotape every major motor vehicle and criminal enforcement stop. While there is no doubt that the Legislature could compel the Vermont State Police to videotape all such stops, and indeed, provide sanctions for the failure to do so, we cannot find any basis, in statute or regulation, for concluding the Legisla-

---

[1] In withdrawing his constitutional claim, defendant's counsel stated, "I think it is absolutely right that the Constitution doesn't require taping." Although the issue is not before us, we note that defendant's view of the law is consistent with the Court's holding in *State v. Gorton*, 149 Vt. 602, 606, 548 A.2d 419, 422 (1988) ("This Court has never previously held that the Vermont Constitution mandates tape-recording of a suspect's voluntary statements as a requirement of due process, nor does our reading of the Vermont Constitution find any support for defendant's position.").

ture intended the result reached by the trial court in this case.

In interpreting a statute our primary goal is to effectuate the intent of the Legislature. *Tarrant v. Dep't of Taxes*, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999). We look first to the plain meaning, and where the intent of the Legislature is apparent from the language we will enforce the statute "according to its terms without · resorting to statutory construction." *Id.* Title 23 § 1203(j) and (k) provide in relevant part:

> (j) A videotape made of the alleged offense and subsequent processing may be erased or destroyed by the law enforcement agency no earlier than 90 days . . . after the date the videotape was made.
>
> (k) A copy of a videotape made of the alleged offense shall be provided to the defendant within ten days after the defendant requests the copy and pays a $15.00 fee. . . .

While these provisions clearly provide a procedure by which the state will release a videotape made of the alleged offense to the defendant, and guidelines for when it is appropriate to discard that evidence, they neither require that a videotape be made nor provide sanctions if it is not.[2]

---

[2] Defendant makes additional arguments, not relied upon by the court below, that V.R.Cr.P. 16(e) and D.C.C.R. 80.5(e) create a duty of the arresting officer to record the roadside stop with his MVR. V.R.Cr.P. 16(e) and D.C.C.R. 80.5(e) are rules relating to discovery and all provide that a copy of the videotape made of the alleged offense shall be provided to the defendant. These rules explicitly refer to discovery in a criminal case or civil suspension. Rather than require an officer to create an MVR, they ensure

The Vermont State Police Rules & Regulations, Operational Policies & Procedures § 5, Article 10 provide in pertinent part:

### 3.0 PROCEDURE

3.1 Members assigned to patrol vehicles equipped with MVR equipment shall ensure that all required pre-operational checks are performed in accordance with the manufacturer's recommendations.

3.2 Members using MVR equipment shall record the following situations *whenever possible* :

. . . .(A) Major motor vehicle and criminal enforcement stops . . .

### 4.0 OPERATION

4.1 Responsibilities of Operators

(A) Members will be responsible for operation, care and maintenance of the assigned MVR equipment . . .

(B) Prior to each shift, members shall determine that MVR equipment is working satisfactorily. . .

(C) A shift supervisor will be notified . . . if any problems are discovered with operation of the MVR equipment.

---

that if such a tape exists, it will be provided to the defendant.

(emphasis added). Again, nothing in these rules suggests that taping roadside stops or DUI sobriety tests is mandatory. To the contrary, the rules indicate that taping should take place "whenever possible," and otherwise merely require that officers keep track of whether the MVR equipment is working, so that when it is not, their supervisors will be made aware of it and repairs will be made.

"The most appropriate means of prescribing rules to augment citizens' due process rights is through legislation." *Gorton*, 149 Vt. at 606, 548 A.2d at 422. Because the Legislature has chosen not to require officers to tape all major roadside stops, this Court will not create such a requirement by "judicial fiat." See *id.*

*Reversed.*